UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EVELYN RICE,                          :
                                      :    NO. 1:04-CV-00021
          Plaintiff,                  :
                                      :
                                      :    **OPINION AND ORDER**
     v.                               :
                                      :
                                      :
SIMON L. LEIS, JR., et al.,           :
                                      :
          Defendants.                 :

          This matter is before the Court on the County Defendants'
Motion for Judgment on the Pleadings (doc. 11), Plaintiff's
Memorandum in Opposition to Motion for Judgment on the Pleadings
(doc. 17), the County Defendants' Reply to Plaintiff's Memorandum
in Support of Motion for Judgment on the Pleadings (doc. 18), and
the Defendants' Notice of Supplemental Authority (doc. 19).  The
Court held a hearing on this matter on October 14, 2004.  We regret
the delay in deciding this case.

**I.  Background**

          On January 14, 2004, Plaintiff Evelyn Rice ("Rice") filed
this 42 U.S.C. § 1983 action based on her arrest and overnight
jailing for an alleged violation of a bogus temporary protective
order ("TPO") (doc. 1).  She sued the Hamilton County Clerk of
Courts, Gregory Hartmann ("Hartmann"), for issuing the arrest
warrant and Hamilton County Sheriff Simon Leis ("Leis") for
enforcing the warrant (Id.).

Rice alleges that on March 24, 2003, James Philpot ("Philpot") signed an affidavit in which he swore Rice violated a court order prohibiting Rice from having any contact with Philpot (doc. 11). No such court order existed (Id.). Philpot further filed a complaint on the same day charging Rice with "recklessly violating" the "terms of the protective order issued or court agreement approved pursuant to protective order. . . contrary to and in violation of Section 2919.27 of the Ohio Revised Code" (Id.). Relying on Philpot's affidavit and complaint, a deputy clerk of the Hamilton County Clerk of Courts (hereinafter "the Deputy Clerk") issued a warrant on March 24, 2003 (Id.). The warrant stated Rice violated a TPO in violation of Section 2929.27 of the Ohio Revised Code (Id.). The Deputy Clerk issued the warrant pursuant to Ohio Rule of Criminal Procedure 4(A) which states:

> (1) *Upon complaint*. If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.
>
> The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.

2

On March 25, 2003, the Hamilton County Municipal Court issued a notice informing Rice that she had been charged with violation of a TPO and that she could surrender and post bond at the Municipal Court Clerk's office (doc. 11). Rice turned herself in on the morning of April 2, 2003, and was released on the morning of April 3, 2003, after the arraignment judge found that no TPO existed (Id.).

Rice's first cause of action is grounded in the theory that Defendants deprived her of her "right to be free from unreasonable seizures pursuant to the Fourth Amendment, as applied to the States by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983" (doc. 1). Rice's second cause of action is grounded in the theory that Defendants' conduct deprived Rice of "liberty without due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983" (Id.). To advance these arguments, Rice alleges that Hamilton County Sheriff Leis and Clerk of Courts for Hamilton County Hartmann "knew or could have discovered" that Philpot's affidavit and complaint were false (Id.). Further, Rice alleges that Defendant Leis

> . . . has instituted a policy of recording court orders, including protection orders, electronically for dissemination to law enforcement officers and to various other government agencies. The lack of any electronic record of a given protection order is strong, if not conclusive evidence that there is no such order. On information and belief, it is the policy of Defendant Leis to incarcerate citizens for violations of

3

> protection orders without confirming the
> existence of the alleged order.

(Id.).

Likewise, Rice alleges that Defendant Hartmann

> . . . has instituted a policy of signing and
> issuing arrest warrants for the violation of
> protection orders, or of permitting a deputy
> clerk to sign and issue arrest warrants for
> the violation of protection orders, based upon
> an affidavit and complaint of a private
> citizen alleging the existence and violation
> of such an order.  On information and belief,
> it is the policy of the Clerk and his deputies
> to sign and issue such warrants without
> confirming the existence of the alleged order.

(Id.).

On July 20, 2004, Defendants filed the present Motion for Judgment on the Pleadings (doc. 11).  Defendants argue that 1) Defendant Hartmann has only been sued in his official capacity, and consequently he only stands in the shoes of the court, which cannot be sued; 2) the Eleventh Amendment bars any action against Hartmann; 3) the Eleventh Amendment bars any action against Leis (Id.).  Rice has not brought legal action against Philpot, nor has she challenged the constitutionality of Ohio Rule of Criminal Procedure 4(A), which Defendants argue they were following in issuing and executing the arrest warrant (Id.).  Citing Baker v. McCollan, 443 U.S. 137 (1979), Defendants argue even erroneous court orders can still be valid orders (Id.).

Plaintiff filed her Response on September 7, 2004,

4

arguing that Defendant Hartmann is sued all the time in state court and instituted the policy under attack so he is legitimately a Defendant in this action (doc. 17). Plaintiff further argues that absent further discovery establishing the details of Defendant Hartmann's policy, dismissal on Eleventh Amendment immunity is premature (Id.). Plaintiff argues that Defendant Hartmann cannot claim automatic immunity based upon compliance with state law, and has not produced a single case where Eleventh Amendment immunity applied to a situation where a clerk issued a warrant for the arrest of a person based on a nonexistent court order (Id.). In any event, argues Plaintiff, injunctive relief against Defendant Hartmann is not barred by the Eleventh Amendment, even if money damages are barred (Id.). Defendant Leis, argues Plaintiff, cannot qualify for Eleventh Amendment immunity, because the County, and not the state, would be liable for any money judgment against the Sheriff (Id. citing Dubuc v. Michigan Bd. of Law Examiners, 342 F.3d 610 (2003)).

Defendants reply that Plaintiff was arrested pursuant to state law and not the policy of the clerk of courts (doc. 18). Defendants argue although Defendant Hartmann was joined as a nominal party in foreclosure actions by virtue of there being judgment liens recorded in his office, the law is clear that the clerk is not sui juris, but is part of the state court system which cannot be sued (Id. citing Alkire v. Irving, No. 5:96 CV 2687,

5

2003 U.S. Dist. LEXIS 17856 at *12 (N.D. Ohio, September 25, 2003)). Defendants argue Leis should be dismissed as he is sued only in his official capacity, and it is necessary to allege he instituted an official policy that resulted in a violation of Plaintiff's civil rights (Id.). In this case, argue Defendants, Plaintiff's incarceration had nothing to do with a policy of the Sheriff's Office, and everything to do with official duty to execute warrants pursuant to state law (Id.). Because Leis acted in conformity with state law, Defendants argue he is entitled to Eleventh Amendment immunity (Id.). Finally, Defendants filed as a supplemental authority the Sixth Circuit's April 29, 2005 Order in the consolidated cases of Peyton v. Fairfax, No. 04-3367, and Lundsford v. Leis, No. 04-3471 (doc. 19). In Peyton and Lundsford the appellate court upheld the finding of this court that the County Commissioners enjoyed Eleventh Amendment immunity for indexing and disseminating civil protective orders pursuant to O.R.C. § 3113.31(F), without disseminating information as to whether such orders had been served on the alleged violators.

## II. Applicable Legal Standard

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same de novo standard that is applicable to a motion to dismiss under Rule 12(b)(6) (See United Food and Commercial Workers Local 1099 v. City of Sidney, 364 F.3d 738, 745 (6th Cir. 2004) citing Ziegler v. IBP

6

<u>Hog Mkt.</u>, 249 F.3d 509, 11-12 (6th Cir. 2001)).  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which states that, a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" (<u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976)).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion (<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974)).  Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests" (<u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).  A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in <u>Jones v. Sherrill</u>, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. <u>Windsor v. The Tennessean</u>, 719 F.2d 155, 158 (6th Cir. 1983), <u>cert. denied</u>, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. <u>Id</u>. at 158; <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).

(<u>Jones</u>, 824 F.2d at 1103).

The admonishment to liberally construe a plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a

7

plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions (Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969)).  "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory" (Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) (quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983)); see also Sutliffe, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir. 1984); Wright, Miller & Cooper, Federal Practice and Procedure: § 1216 at 121-23 (1969)).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

(Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988)).

8

## III.  Analysis

### A.  Plaintiff's Claims Against Defendant Leis

The Court first addresses Plaintiff's claims against Sheriff Leis.  Rice claims that Leis deprived her of due process rights under the Fourteenth Amendment, and violated the Fourth Amendment by unreasonably seizing her.  For the following reasons, the Court finds these claims lacking in merit.

Although states and state officers acting in their official capacities are immune from suits for damages in federal court, the Eleventh Amendment does not extend to counties and similar municipalities.  Mt. Healthy School District Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).  However, county officials who act in the capacity of a state official in enforcing state law that affords no discretion can be considered a state official and gain Eleventh Amendment immunity.  Gottfried v. Med. Planning Servs. Inc., 280 F.3d 684, 692-93 (6th Cir. 2002).

In this case, it is clear that Sheriff Leis acted under Ohio Revised Code § 311.07 in enforcing the warrant for Plaintiff's arrest.  This provision indicates that "The Sheriff shall . . . execute all warrants, writs, and other process directed to the sheriff by any proper and lawful authority of this state, and those issued by a proper and lawful authority of any other state" (emphasis added).  Sheriff Leis was obligated by state law to enforce the warrant issued for Rice's arrest.

9

Plaintiff does not attack the constitutionality of O.R.C. § 311.07, nor does she claim that Leis acted contrary to O.R.C. § 311.07. Under these circumstances, the Court concludes that Sheriff Leis was merely acting in compliance with state law, and not a municipal policy, when he executed the warrant directed to him by the clerk of courts. Accordingly, Sheriff Leis is entitled, in this instance, to Eleventh Amendment immunity.

Although Plaintiff argues, citing Wood v. Worachek, 618 F.2d 1225, 1231 (7th Cir. 1980), that where a jailer has affirmative knowledge of the illegality of an arrest, the jailer can be held liable for the illegal detention, the Court does not find such authority applicable here. Plaintiff proffers no evidence that Sheriff Leis had affirmative knowledge that the warrant he executed was based on a defective affidavit filed with the clerk of courts.

The Court's conclusion appears to be further bolstered by the Supreme Court's holding in Baker v. McCollan, 443 U.S. 137, 142 (1979). In Baker, similarly to the case at bar, the sheriff arrested Linnie McCollan pursuant to a warrant that was based on defective information. Id. at 140-141. Linnie's brother, Leonard, had obtained a fake driver's license in Linnie's name and committed crimes masquerading as Linnie. Id. Thus, the warrant should have been issued in Leonard's name, not Linnie's. Id. The Sheriff held Linnie in jail for three days, and upon recognizing the error released him. Id. at 141. Linnie McCollan subsequently sued the

10

Sheriff, Baker, pursuant to Section 1983.  <u>Id</u>.

       The Supreme Court summarized McCollan's argument by stating "McCollan's § 1983 claim against the sheriff is not for the wrong name being placed in the warrant or the failure to discover and change same or even the initial arrest of the respondent, but rather for the intentional failure to investigate and determine that the wrong man was imprisoned." <u>Id</u>. at 143.  The Court responded to this argument by stating "[McCollan's] innocence of the charge contained in the warrant. . . is largely irrelevant to his claim of deprivation of liberty without due process of law." <u>Id</u>. at 145.  The Court further stated that although McCollan was "deprived of his liberty for a period of days . . . it was pursuant to a warrant conforming . . . to the requirements of the Fourth Amendment." <u>Id</u>. at 144. Even though "detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law,'" a "detention of three days over [a holiday] weekend does not and could not amount to such deprivation." <u>Id</u>. at 145.

       Rice's claim is similar to McCollan's because Rice claims Leis failed to investigate whether the warrant for Rice was proper before Rice's arrest (doc. 1).  The Supreme Court specifically addressed this issue in <u>Baker</u> by stating "[g]iven the requirements that arrest be made only on probable cause . . . we do not think a

sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence." Baker, 443 U.S. at 145-146.

Although at the hearing the Plaintiff questioned the application of Baker to this case, as it was not a case challenging an alleged policy administered in an official capacity, the Court finds its principles instructive here. In this instance, Leis received a facially valid warrant from a lawful authority, the Clerk, and executed the warrant in conformity with state law. Moreover, as the Supreme Court could not find in Baker, 443 U.S. at 145, a three-day detention pursuant to a facially valid but mistaken warrant to constitute a deprivation of due process, this Court cannot find a mere one-day deprivation pursuant to the warrant in this case to violate due process or to have resulted in an unreasonable seizure.

**B. Plaintiff's Claims Against Defendant Hartmann**

Defendants argue the Hamilton County Clerk of Court is not sui juris, that is, he stands in the shoes of the state court which cannot be sued in its own right. The Court does not find this argument persuasive as to Plaintiff's claims for declaratory and injunctive relief, which distinguish her case from the case invoked by Defendants, Alkire v. Irving, 2003 U.S. Dist. LEXIS 17856, which was only about money damages.

The issue in this case is that under the Supreme Court's holding in <u>Baker v. McCollan</u>, 443 U.S. 137, 142 (1979), there is not an actionable constitutional violation. The policy, or more accurately the lack of a policy to double-check the existence of a protective order, still resulted in a facially-valid arrest warrant. The clerk acted pursuant to Ohio Rule of Criminal Procedure 4(A), which gives the clerk the authority to issue a warrant based solely on hearsay, "provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Ohio R. Crim. P. 4 (A)(1).[1] This Court finds it difficult to see how that a clerk, in making a probable cause determination pursuant to a state statute, somehow promulgates a policy for which the state court should be held accountable, when the probable cause determination results in the apprehension of an innocent person. Probable cause supporting a valid arrest is not vitiated if the suspect is later acquitted. <u>Criss v. City of Kent</u>,

---

[1] Rule 4(A) specifically mandates that "if it appears from the complaint, or from an affidavit . . . filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed, . . . a warrant for the arrest of the defendant . . . shall be issued . . . by a . . . clerk of courts." Thus, a clerk who finds probable cause has no discretion under this statute but to issue a warrant. Where a state statute provides no discretion, a County official acts as an arm of the state and is entitled to Eleventh Amendment immunity. <u>Brotherton v. Cleveland</u>, 173 F.3d 552, 566 (6th Cir. 1999). In this case, Plaintiff does not challenge the constitutionality of Ohio R. Crim. P. 4(A)(1).

867 F.2d 259 (6th Cir. 1988).  A clerk is called upon by Rule 4 to make a credibility determination of a person proffering sworn statements, and a reasonable clerk may find probable cause for a violation that ultimately proves baseless.  Naturally, the facts of this case show that a double-checking procedure of the existence of a protective order would be helpful in making a probable cause determination.  The Court would encourage the clerk to institute such a system to the extent practicable.  However, such a policy is neither required by the state statute nor the Constitution, and therefore this Court will not order it.  Plaintiff can pursue claims against Mr. Philpot, but for the reasons articulated here, Plaintiff's claim against Hartmann fails.

**IV.  CONCLUSION**

Having reviewed this matter, the Court finds Defendants' Motion for Judgment on the pleadings well taken.  Accordingly, the Court GRANTS Defendants' Motion for Judgment on the Pleadings (doc. 11), and DISMISSES this matter from the Court's docket.

SO ORDERED.

Dated: November 29, 2005        /s/ S. Arthur Spiegel

                                S. Arthur Spiegel
                                United States Senior District Judge

14